UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDELFINA DICANDIA,

    Plaintiff,

v.                                Case No.:  6:23-cv-1600-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

## OPINION AND ORDER

Plaintiff Edelfina Dicandia seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply brief. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.  Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.  Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

### B.   Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform her past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform past relevant work, the ALJ must determine at step five whether the claimant's RFC permits her to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove she is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C. Procedural History

Plaintiff applied for a period of disability and disability insurance benefits on November 3, 2020, alleging disability beginning on July 1, 2018. (Tr. 84, 223-26). The application was denied initially and on reconsideration. (Tr. 84, 94). Plaintiff requested a hearing, and on August 3, 2022, a hearing was held before

Administrative Law Judge Emily Statum ("ALJ"). (Tr. 37-64). On November 30, 2022, the ALJ entered a decision finding Plaintiff not under a disability from July 1, 2018, through the date of the decision. (Tr. 19-31). Plaintiff requested review of the decision, but the Appeals Council denied Plaintiff's request on June 21, 2023. (Tr. 1-7). Plaintiff filed a Complaint (Doc. 1) on August 22, 2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D. Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through March 31, 2024. (Tr. 21). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 1, 2018, the alleged onset date. (Tr. 21). At step two, the ALJ found that Plaintiff had the following severe impairments: "Carpal tunnel syndrome status post release surgery; hiatal hernia; gastrointestinal disorder; cervical disc degeneration thoracic disc degeneration; intervertebral lumbar disc disorder; osteoporosis; fibromyalgia; cervical and lumbar neuritis." (Tr. 22). At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 23).

Before proceeding to step four, the ALJ found that Plaintiff had the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 [C.F.R. §] 404.1567(b) except with occasional climbing of ramps or stairs, no climbing of ladders, ropes or scaffolds, occasional balancing, stooping, kneeling, crouching or crawling and with frequent but not constant handling and fingering in a right-handed individual.

(Tr. 25).

At step four, the ALJ determined that Plaintiff was able to perform past her past relevant work as a medical assistant. (Tr. 30-31). The ALJ further found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (Tr. 30-31). The ALJ concluded that Plaintiff had not been under a disability from July 1, 2018, through the date of the decision. (Tr. 31).

## II. Analysis

On appeal, Plaintiff raises two issues:

(1) Whether there is a reasonable probability that the new evidence submitted to this Court will change the administrative result and whether there is good cause for the failure to submit the evidence at the administrative level; and

(2) When considering medical opinion persuasiveness, did the ALJ give an adequate analysis of the factors of supportability and consistency.

(Doc. 18, p. 15, 19). The Court begins with the second issue.

### A.     Barbara Wenczak, M.D.'s Opinion

Plaintiff contends that Dr. Wenczak's opinion is the only opinion from an examining physician regarding Plaintiff's exertional limitations. (Doc. 18, p. 19). Plaintiff argues that the ALJ did not properly evaluate Dr. Wenczak's opinion on the supportability of her opinion by her own examination results and the consistency of her opinion with other medical evidence and opinions of record. (Doc. 18, p. 20-21).

The Commissioner contends that the ALJ properly performed her duty to evaluate the evidence, including Dr. Wenczak's opinion, in assessing Plaintiff's RFC. (Doc. 21, p. 9). The Commissioner also contends that the ALJ properly considered Dr. Wenczak's examination findings, including both the generally normal findings as well as Plaintiff's limitations. (Doc. 21, p. 11-12). The Court disagrees.

The regulations for disability cases filed after March 27, 2017 – such as this one – changed and an ALJ no longer defers or gives any specific evidentiary weight to a medical opinion. 20 C.F.R. § 404.1520c(a), 20 C.F.R. § 416.920c(a). Thus, an ALJ no longer uses the term "treating source" and does not defer or give specific evidentiary weight, including controlling weight, to any medical opinion or prior administrative medical finding. *Torres v. Comm'r of Soc. Sec.*, No. 6:19-cv-1662-ORL-PDB, 2020 WL 5810273, at *2 (M.D. Fla. Sept. 30, 2020) (citing 20 C.F.R. § 404.1520c(a)).

Instead, an ALJ assesses the persuasiveness of a medical source's opinions given these five factors, with the first two being the most important: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length, frequency, and purpose of the examining and any treatment relationship; (4) specialization; and (5) other factors, such as the source's familiarity with other evidence concerning the claim, that tend to support or contradict the medical opinion. 20 C.F.R. § 404.1520c(a)-(c); 20 C.F.R. § 416.920c(a)-(c). An ALJ may but is not required to explain how he considers factors other than supportability and consistency, unless two or more opinions are equally persuasive on the same issue. 20 C.F.R. § 404.1520c(b)(2); 20 C.F.R. § 416.920c(b)(2).

For supportability, the revised rules provide: "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 416.920c(c)(1). For consistency, the revised rules provide: "The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(2); 20 C.F.R. § 416.920c(c)(2).

The new regulations also differentiate between medical opinions and "other medical evidence." 20 C.F.R. §§ 404.1513(a)(2)-(3), 416.913(a)(2)-(3). "A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions" in the abilities listed in paragraphs (a)(2)(i) through (iv). 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2). "Other medical evidence is evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." 20 C.F.R. §§ 404.1513(a)(3), 416.913(a)(3).

On August 10, 2021, Dr. Wenczak conducted a consultative exam of Plaintiff. (Tr. 639-47). In the decision, the ALJ discussed Dr. Wenczak's exam findings and opinion. She noted that Plaintiff alleged back pain at a 9/10 level, which was aggravated by prolonged sitting or standing. (Tr. 27). The ALJ also noted that Plaintiff could walk on heels and toes, and squat, but could not bend to touch her toes. (Tr. 27). The ALJ recounted that Plaintiff ambulated without difficulty, ambulated without an assistive device, and had a normal gait. (Tr. 27). The straight leg raise test was negative, her motor strength was normal in all extremities, she had full bilateral grip strength, she had normal fine and gross manipulative skills in both

hands, her lumbar range of motion was within normal limits, and her cervical motion was mild to moderately limited. (Tr. 27).

Later in the decision, the ALJ summarized Dr. Wenczak's opinion on Plaintiff's limitations. (Tr. 29). The ALJ noted that Dr. Wenczak found Plaintiff: unable to do physical type of work that involved prolonged standing or sitting; may be able to do part-time work with frequent breaks; can sit, stand, and walk occasionally in an 8-hour workday; and ambulate without difficulty and without an assistive device. (Tr. 29). When determining the persuasiveness of Dr. Wenczak's opinion, the ALJ found:

> this opinion not persuasive because it is inconsistent with Dr. Wenczak's exam findings which were mostly normal or unremarkable including normal strength, fine manipulation, reflex, sensation, and gait with pain free straight leg raises, no mention of tenderness to palpation, and an ability to walk on heels and toes, squat to the floor and recover, and perform tandem heel walking.

(Tr. 29)

The ALJ considered the supportability of Dr. Wenczak's opinion. (Tr. 29). She found that Dr. Wenczak's opinion was inconsistent with her own exam findings. The ALJ did not, however, consider the consistency of Dr. Wenczak's opinion with other medical opinions and the record as a whole. The regulations require the ALJ to consider both the supportability of the opinion with the objective medical evidence of record and the medical provider's own examination results, and the

consistency of the medical opinion with evidence from other medical sources and nonmedical sources in the claim. 20 C.F.R. § 404.1520c(c)(1); 20 C.F.R. § 404.1520c(c)(2). The ALJ failed to consider the consistency of Dr. Wenczak's opinion and failed to provide sufficient reasoning for the Court to conduct a meaningful review and determine whether substantial evidence supports her decision to discount Dr. Wenczak's opinion. *See Morrison v. Comm'r of Soc. Sec.*, 660 F. App'x 829, 834 (11th Cir. 2016) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review."). For these reasons, this action is remanded for further proceedings.

### A. Remaining Issues

Plaintiff also raises the issues of whether new evidence submitted to this Court for the first time would change the administrative result. Because this action is remanded to reconsider the opinion evidence of record, the Commissioner is directed to also consider the other issue raised in the briefing.

### III. Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded under sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider Dr. Wenczak's opinion and the evidence submitted to this Court for the first time. The Clerk of

Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on August 26, 2024.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties